UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:04CR12 HEA |
| ) | |
| MILTON ROY TAYLOR, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's "Request for Production of Grand Jury Transcripts," [Doc. No. 51], and Defendant's Motion to Compel Discovery, [Doc. No. 52]. The Government opposes these motions and has filed a written response. For the reasons set forth below, the Motions are denied.

Defendant was indicted on January 15, 2004 by a Grand Jury for the Eastern District of Missouri. He was charged in the indictment with one count of being a previously convicted felon in possession of firearms that traveled in interstate commerce.

On April 7, 2004, Defendant entered a plea of guilty to the charge. He was sentenced to a term of imprisonment of 88 months, to be served consecutively to an undischarged state sentence.

Defendant appealed his conviction and sentence. The Eighth Circuit Court of Appeals dismissed the appeal based on Defendant's waiver of his right to appeal his conviction or sentence.

Defendant filed a motion pursuant to 28 U.S.C. § 2255 on March 17, 2005. This Court denied the motion on September 14, 2005. The Court declined to issue a Certificate of Appealability with respect to this motion. Defendant appealed the Court's September 14, 2005 Order. The Eighth Circuit issued an Order in which announced that it would consider the appeal as appealing the denial of the Certificate of Appealability. The Eighth Circuit denied Defendant's application for a Certificate of Appealability on October 16, 2006.

Defendant now seeks disclosure of the Grand Jury transcripts of the hearing before the Grand Jury preceding his indictment. Defendant claims that the denial of access to these transcript "would amount to denial of Due process."

Rule 6(e)(2(B)(vi) of the Federal Rules of Criminal Procedure provides:

Rule 6. The Grand Jury
(3) Recording and Disclosing the Proceedings
(2) Secrecy
(B) Unless these rules provide otherwise, the following persons must not disclose a matter occurring before a grand jury:
(Vi) an attorney for the government.

The Government is therefore specifically prohibited from disclosing grand jury

testimony.

Furthermore, Defendant has not demonstrated a particularized need for these transcripts. "Grand jury material may be disclosed 'when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.' Fed.R.Crim.P. 6(e)(3)(C)(ii). However, a defendant seeking disclosure must demonstrate a "particularized need," and whether to permit such disclosure is within the sound discretion of the trial judge. *United States v. Benson,* 760 F.2d 862, 864 (8th Cir.) (per curiam), *cert. denied,* 474 U.S. 858, 106 S.Ct. 166, 88 L.Ed.2d 137 (1985)." *U.S. v. Sileven*, 985 F.2d 962, 965-66 (8th Cir. 1993).

Defendant did not testify before the Grand Jury, (Fed.R.Crim.R. 16 requires disclosure of defendant's own recorded statements), nor did any witnesses testify against him, in light of his guilty plea, (Rule 26,2 requires the Government to produce the statement of its witness, but only after that witness has testified on direct examination).

Because Defendant has not established a particularized need for the transcripts, the Court will deny the motions seeking disclosure of the Grand Jury transcripts.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Request for Production of Grand Jury Transcripts," [Doc. No. 51], and Defendant's Motion to Compel Discovery, [Doc. No. 52], are denied.

Dated this 5th day of February, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE